UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAM LIVINGSTON and JAMES BOONE<br>c/o Tittle & Perlmuter<br>4106 Bridge Ave.<br>Cleveland, OH 44113<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PATRICK JAMES<br><br><br><br>　　　　　Defendant. | CASE NO. 1:25-cv-02232<br><br>JUDGE PAMELA A. BARKER<br><br>**PLAINTIFFS' COMPLAINT**<br><br>**[Jury Demand Endorsed Hereon]** |

Plaintiffs Sam Livingston and James Boone, for their Complaint against Defendant Patrick James, state and allege as follows.

### INTRODUCTION

1. This case challenges Defendant's unlawful pay practices in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio common law.

2. Plaintiffs Sam Livingston and James Boone were employed by Defendant Patrick James, the former Chief Executive Officer of First Brands Group, to provide private protective security services for Defendant.

3. Defendant misclassified both Plaintiffs as exempt from overtime, and thus failed to pay them overtime compensation at a rate of one-and-one half their regular rate of pay for all hours worked in excess of forty per workweek, in violation of the FLSA.

4. Specifically: (a) Sam Livingston was misclassified as salaried exempt during large portions of his employment and was denied overtime pay during those periods; and (b) James Boone was misclassified as an independent contractor when he was, in fact, an employee.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because the claims arise under the FLSA.

6. Personal jurisdiction and venue are proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division, and the events giving rise to this case occurred in the Northern District of Ohio.

## PARTIES

7. Plaintiff Sam Livingston is a citizen of the United States who, at all times relevant, worked for Defendant as a private security officer providing personal protection services to Defendant.

8. Plaintiff James Boone is a citizen of the United States who performed substantially similar private security and protection services for Defendant.

9. Plaintiffs regularly worked more than forty hours per week, frequently exceeding sixty hours, including overnight shifts, travel, and standby assignments.

10. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e)(1) and corresponding provisions of Ohio law.

11. Defendant Patrick James is an individual residing in the Northern District of Ohio. He was, at all times material, the Chief Executive Officer of First Brands Group, a business operating within this District and Division.

12. Though Plaintiffs were ostensibly working for and paid by First Brands Group – with Plaintiff Livingston classified as a W-2 employee and Plaintiff Boone a 1099 contractor – all of their job duties were for the direct benefit of Defendant, and all job duties were carried out at the direction of Defendant.

13. Defendant exercised operational control over Plaintiffs' employment, including their job duties, schedules, rates of pay, and method of compensation.

14. Defendant was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d) because he acted directly or indirectly in the interest of an employer in relation to Plaintiffs.

## FACTUAL ALLEGATIONS

15. Defendant employed Plaintiffs within the last two years as private security personnel assigned to protect Defendant, his family, and business premises.

16. Plaintiffs' duties included accompanying Defendant during travel, providing armed and unarmed security coverage, controlling access to properties, monitoring for threats, and remaining on call to respond to emergencies.

17. Plaintiffs' positions did not involve managerial, administrative, or professional discretion. They followed security protocols and directives established by Defendant, at locations mandated by Defendant, and on schedules mandated by Defendant.

18. Plaintiffs' duties were manual and protective in nature, not related to the management of the enterprise or the exercise of independent judgment with respect to matters of significance.

19. For about half of his tenure, Plaintiff Livingston was classified as an hourly and was paid an overtime premium when he worked over 40 hours per week.

20. In November 2024, with no changes in Plaintiff Livingston's job duties, Defendant switched Plaintiff Livingston to a salaried basis of pay and ceased paying any overtime premium.

21. That switched coincided with Defendant's mandate that Plaintiff Livingston work many more hours per week, and thus many hours without legally-required overtime premium.

22. Though Plaintiff Boone was classified by Defendant as an independent contractor, the economic realities of his working relationship with Defendant was that of an employee. He could not create his own schedule, he could not refuse assignments, he was not employed on a project basis, his job did not require independent judgment, he did not make any significant investment in the tools of his job, he had no opportunity for increased profit through managerial skill, and his role was not an integral part of First Brands Group.

23. Plaintiff Boone likewise worked long hours and exceeded 40 hours nearly every week of his tenure working for Defendant, but was only permitted to invoice Defendant for 8 hours per working day.

4

24. Plaintiffs generally worked long hours every week—often well in excess of forty per week—without receiving any overtime compensation.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 207)

25. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

26. The FLSA required Defendant to pay Plaintiffs overtime compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of forty per workweek.

27. Defendant failed to pay such overtime compensation to Plaintiffs.

28. Defendant's violations of the FLSA were willful, as evidenced by his prior correct classification of Livingston during part of his tenure and his subsequent decision to change classifications despite no change in job duties. Defendant therefore knew the proper method of compensation and consciously chose not to comply.

29. By the actions described above, Defendant violated the FLSA and regulations promulgated thereunder that have the force and effect of law.

30. As a direct and proximate result of Defendant's unlawful acts, Plaintiffs have been injured in that they have not received compensation due to them under the FLSA.

31. Under 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, attorneys' fees, and costs.

## COUNT TWO
## UNJUST ENRICHMENT

32. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

33. Plaintiffs conferred a benefit upon Defendant by providing extensive labor and services for which they were not properly compensated.

34. Defendant knew he was receiving a benefit by retaining and utilizing Plaintiffs' labor while failing to provide legally-required overtime premiums for overtime hours worked.

35. Defendant intentionally designed and maintained his pay practices to obtain and retain the benefit of Plaintiffs' work without providing full and fair payment.

36. Defendant's retention of the benefit of Plaintiffs' unpaid work under these circumstances is inequitable and unjust.

37. Plaintiffs are therefore entitled to recover from Defendant the reasonable value of their unpaid labor and services.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

A. Enter judgment against Defendant and in favor of Plaintiffs;

B. Award Plaintiffs actual damages for unpaid overtime wages plus liquidated damages equal in an amount to the unpaid overtime wages found due to Plaintiffs;

C. Award Plaintiffs pre-judgment and post-judgment interest at the statutory rate;

D. Award Plaintiffs all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

E.  Award Plaintiffs any such further and additional relief as this Court deems just and proper

> Respectfully submitted,
>
> *s/ Scott D. Perlmuter*
> Scott D. Perlmuter (0082856)
> 4106 Bridge Ave.
> Cleveland, Ohio 44113
> 216-222-2222
> scott@tittlelawfirm.com
>
> *Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

> *s/ Scott D. Perlmuter*
> Scott D. Perlmuter (0082856)